**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:13-cr-00118-JCM-CWH |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| ) | **Docs. # 41, 43** |
| ROBERT RADIN, ) | |
| ) | |
| Defendant. ) | |

### INTRODUCTION

This matter was referred to this Court on Defendant Robert Radin's ("defendant") motion to dismiss the superseding indictment based upon multiplicity and duplicity (doc. # 41), filed on September 3, 2014, the government's response (doc. # 45), filed September 17, 2014, and defendant's reply (doc. # 51), filed September 29, 2014.  Additionally referred is defendant's second motion to dismiss the superseding indictment based upon preindictment delay (doc. # 43), filed September 5, 2014, the government's response (doc. # 46), filed September 22, 2014, and defendant's reply (doc. # 58), filed October 14, 2014.   No hearing was conducted in this matter.

### BACKGROUND

On April 2, 2013, the grand jury returned an indictment charging defendant with one count of social security fraud in violation of 42 U.S.C. § 408(a)(4).  Then, on July 15, 2014, the grand jury returned a superseding indictment in which another count was added charging defendant with theft of government money in violation of 18 U.S.C. § 641.

//

//

**ANALYSIS**

**1.      Multiplicity and Duplicity (doc. # 41)**

Defendant contends the superseding indictment should be dismissed on grounds of multiplicity and duplicity. Defendant first contends the indictment is <u>multiplicitous</u> because it charges a single offense (i.e., unreported work activity while receiving social security benefits) in two separate counts of theft of government money (count 1) and social security fraud (count 2), which punishes defendant twice for the same offense, thus requiring the government to elect between the two counts or face dismissal of the indictment. Defendant then contends that count 2 of the indictment is <u>duplicitous</u> because it charges "two separate and distinct offenses (i.e., 'theft' and 'fraud')" in the same count. Doc. # 41 at 4.

The government, in opposition, argues that defendant's assertions are not supported by the facts or record in this case. The government further argues that the indictment charges defendant under two separate and distinct counts for which defendant may be liable. The government adds that defendant has not identified any disputed factual issues to warrant an evidentiary hearing in this case.

In reply, defendant restates his earlier assertions. Defendant also contends the government's opposition is "confusing at best." Doc. # 51 at 1. In support, defendant contends that if the government's assertion is "true... and that theft and fraud are separate and distinct offenses," then count 2 of the indictment is duplicitous based upon the government's "own contradictory concession." <u>Id</u>. at 1-2.

   **a.      Multiplicity**

An indictment is multiplicitous if it charges a single offense in multiple counts. <u>United States v. Rude</u>, 88 F.3d 1538, 1546 (9th Cir. 1996). To assess whether statutory provisions under which defendant is charged are really one offense, a court applies the test articulated in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932). Under the <u>Blockburger</u> test, "where the same act or transaction constitutes a violation of two distinct statutory provisions," the court asks "whether each provision requires proof of a fact which the other does not." <u>United States v. Overton</u>, 573 F.3d 679, 691 (9th Cir. 2009) (quoting <u>Blockburger</u>, 284 U.S. at 304) (internal quotations omitted). "If two different criminal statutory provisions... punish the same offense or one is a lesser included offense of the other, then

conviction under both is presumed to violate congressional intent." United States v. Davenport, 519 F.3d 940, 943 (9th Cir. 2008) (citation omitted). "[T]he Court's application of the test focuses on the statutory elements of the offense." Albernaz v. United States, 450 U.S. 333, 338 (1981) (quoting Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975)). If each offense "requires proof of a fact that the other does not," then the Blockburger test is satisfied despite substantial overlap in the proof provided to establish the crimes. Id.

To convict defendant of count 1, theft of government money, in violation of 18 U.S.C. § 641, the government must prove the following elements beyond a reasonable doubt: (1) defendant knowingly stole money with the intention of depriving the owner of the use or benefit of the money; (2) the money belonged to the United States; and (3) the value of the money was greater than $ 1,000. See 9th Cir. Crim. Jury Instr. 8.39 (2010).

By contrast, to convict defendant of count 2, social security fraud, in violation of 42 U.S.C. § 408(a)(4), the government must prove the following elements beyond a reasonable doubt: (1) defendant had knowledge of an event affecting the right to receive or continue to receive payments; (2) defendant knowingly concealed or failed to disclose this event to the Social Security Administration; and (3) defendant did so with the intent to fraudulently secure payment of social security disability benefits when no payment was authorized or in an amount greater than was due. See 42 U.S.C. § 408(a)(4); United States v. Baumgarden, 85 F.3d 1305, 1310-11 (8th Cir. 1996).

A review of the elements for each theory of liability reveals that the Blockburger test is satisfied because each theory "requires proof of a fact that the other does not." Albernaz, 450 U.S. at 338. This Court also found no case law in which an indictment charging both a violation of 18 U.S.C. § 641 and 42 U.S.C. § 408(a)(4) was challenged for being multiplicitous (or duplicitous). Indeed, contrary to defendant's assertions, case law reveals that charging both theories of liability together is common in the Ninth Circuit. See e.g., United States v. Bustos, 428 F. App'x 745 (9th Cir. 2011) (charging defendant with violations of 18 U.S.C. § 641 and 42 U.S.C. § 408(a)(4) ); United States v. Hendershot, 390 F. App'x 719 (9th Cir. 2010) (same); United States v. Bond, 227 F. App'x 578 (9th Cir. 2007) (same); United States v. Neusom, 159 F. App'x 796 (9th Cir. 2005) (same); United States v. Schneider, 429 F.3d 888 (9th Cir. 2005) (same). As such, defendant fails to demonstrate the superseding

indictment is multiplicitous.

    **b.**    **Duplicity**

An indictment is duplicitous when "a single count joins two or more distinct and separate offenses." United States v. Ramirez-Martinez, 273 F.3d 903, 913 (9th Cir. 2001) overruled on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007). The concern is that a jury will convict a defendant without agreeing unanimously on the conduct underlying the count. Id. Nevertheless, in this Court's experience, a defendant's conduct may violate several statutes concurrently. In cases where the statutes are not redundant, a prosecutor may charge defendant with violating one or all of the statutes, and defendant may ultimately be convicted of violating more than one statute. See United States v. Moore, 638 F.2d 1171 (9th Cir. 1980).

While defendant asserts that count 2, social security fraud, charges "two separate and distinct offenses (i.e., 'theft' and 'fraud')," defendant is mistaken. A review of § 408(a)(4) and its elements (outlined above) reveals that § 408(a)(4) is simply describing alternative means by which a person can commit a single crime. In addition, each count in the superseding indictment expresses only a single theory of liability, with both counts containing separate elements, although both counts arise out of the same offense. Thus, defendant fails to demonstrate the superseding indictment is duplicitous.

Accordingly, the Court finds that an evidentiary hearing is not required to address the issues raised. The Court further finds that defendant's motion to dismiss the superseding indictment based upon multiplicity and duplicity (doc. # 41) should be **denied**.

**2.**    **Preindictment Delay (doc. # 43)**

Defendant contends the superseding indictment should be dismissed because the government deliberately delayed prosecution of the instant case to prejudice defendant by impeding his ability to defend himself. Defendant explains that the government delayed prosecution for 82 months, knowing that defendant's mental condition was deteriorating to the point where he could no longer effectively communicate with counsel or aid in his defense. Doc. # 43 at 14. Defendant further asks the Court to convene an evidentiary hearing so he can corroborate his assertions.

The government, in opposition, argues that defendant fails to prove he suffered actual, definite, and non-speculative prejudice, which is required to establish a due process violation. In support, the


government points out that defendant "provides no hint of what factual information he may have provided to his counsel that is now lost as a result of the delay," thereby "falling short even of speculative delay." Doc. # 46 at 5. Moreover, the government points out that evidence exists showing defendant has "no difficulty expressing himself." Id. at 6 (citing doc. # 46-7). The government further points out that defendant errs by asserting the government improperly delayed the instant case because defendant wrongly assumes the baseline time frame with which to judge this case is the date the case was accepted by the U.S. Attorney's office until the first indictment. According to the government, however, this fails to account for the entire time line of the case and defendant's own contributions to lengthening this time line. See id. at 2-3, 5-7 (outlines the event time line for this case). For example, the government points out that defendant changed counsel multiple times, with each attorney receiving preindictment discovery and proposed plea agreements. The government also points to the lengthy plea process, which was caused by defense counsels' apparent failure to inform defendant of the plea agreement, defense counsels' failure to respond and, later, defense counsels' "wait and see approach." The government adds that defendant provides no basis for this Court to conduct an evidentiary hearing in the instant case.

In reply, defendant restates his earlier assertions. Defendant also contends he establishes "actual prejudice" by relying on medical reports that demonstrate his mental condition has worsened to a point where he can no longer recall information. Defendant further contends that the government provides no credible explanation for the 6-month delay in producing a doctor's report and for the 82-month delay to indict defendant, especially in light of the government's admission at one point that it "lost track of this case." Doc. # 58 at 5 (citing Doc. # 43-1 at 10). Defendant adds that the Court should conduct an evidentiary hearing in the instant case so defendant can introduce medical experts who can corroborate his assertions.

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive preindictment delay." United States v. Corona-Verbera, 509 F.3d 1105, 1112 (9th Cir. 2007) (citing United States v. Sherlock, 962 F.2d 1349, 1353 (9th Cir. 1989)). "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." Id. "In some circumstances, however, the Due Process Clause requires dismissal of an indictment brought

within the [statute of] limitations period." Id. Courts apply a two-part test to determine whether preindictment delay resulted in the denial of due process: (1) defendant must prove actual, non-speculative prejudice from delay; and (2) the length of delay, when balanced against the reasons for it, must offend "those fundamental conceptions of justice which lie at the base of our civil and political institutions." United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir. 1992) (citation omitted). A defendant must satisfy both prongs, but "[t]he second prong... applies only if [defendant] has demonstrated actual prejudice." Corona-Verbera, 509 F.3d at 1112 (citation omitted).

### a. Actual Prejudice

Defendant must prove the preindictment delay resulted in actual, non-speculative prejudice. The Ninth Circuit "has found the burden of showing actual prejudice is heavy and is rarely met." See e.g., United States v. Gilbert, 266 F.3d 1180, 1187 (9th Cir. 2001) (internal quotation marks and citations omitted); see also Sherlock, 962 F.2d at 1354; Huntley, 976 F.2d at 1290.

Here, defendant contends his mental condition has deteriorated to the point where he can no longer effectively communicate with counsel or aid in his defense. However, defendant's assertion does not rise above the level of a "generalized" assertion, which is required to establish actual prejudice. See United States v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995) ("Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice."). Even assuming defendant's assertion is true and he is no longer able to assist counsel in his defense, defendant must: (1) show the lost memory, testimony, witnesses, or evidence meaningfully impaired his ability to defend himself; and (2) provide definite and non-speculative evidence demonstrating how this loss is prejudicial to his case. Corona-Verbera, 509 F.3d at 1112. All that has been presented to this Court is the speculative claim that defendant's current inability to assist counsel prejudices him. Defendant neither states what factual information was lost as a result of the passage of time, nor demonstrates how this information would have been relevant or necessary to his defense. Moreover, this Court notes that, like other courts, it routinely adjudicates cases in which mentally ill or mentally impaired defendants are involved and it is unclear how defendant is distinguishable from such defendants, and why the evidence required for his defense cannot be collected elsewhere. Thus, this Court finds that defendant fails to establish actual prejudice.

**b.     Reason for delay**

To require analysis under the second prong of the two-part test for preindictment delay, defendant must satisfy the first prong. Having failed to do so, the Court need not analyze his claims under the second prong. Nevertheless, even assuming actual prejudice, the Court has little difficulty finding that the delay did not offend those "fundamental conceptions of justice which lie at the base of our civil and political institutions." Corona-Verbara, 509 F.3d at 1112 (citation omitted). As succinctly stated in Lovasco, "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment." 431 U.S. at 790 (internal quotations and citations omitted). In other words, "[j]udges are not free, in defining due process, to impose on law enforcement officials our personal and private notions of fairness and to disregard the limits that bind judges in their judicial function." Id. So long as delay is not undertaken solely "to gain tactical advantage of the accused," the Court will generally defer to the decision of the prosecutor. Sherlock, 962 F.2d at 1354-55 (citations omitted); see also United States v. Pino, 708 F.2d 523, 527 (10th Cir. 1983) (Applying the Lavasco framework, the Tenth Circuit stated that "[t]he rights of a defendant under the due process clause of the Fifth Amendment are not violated in the absence of a showing... that the delay was purposefully designed to gain a tactical advantage or to harness the defendants.") (citations omitted).

This Court is satisfied that, assuming defendant demonstrates actual prejudice, the reasons proffered for the delay are sufficient. The government has set forth a record and time line of its investigative and prosecution efforts, as well as its communications with defendant and various defense counsel. Even accepting defendant's assertion that, due to severe cognitive impairments, he can no longer assist counsel in his defense, defendant provides no facts to support his assertion that the delay was purposefully designed to gain tactical advantage or to undermine his ability to defend himself. Under the circumstances, and absent proof supporting defendant's assertions, the Court cannot say that the delay, which was not for tactical advantage, was so unreasonable as to violate the Due Process Clause. As such, defendant fails to demonstrate the superseding indictment should be dismissed based on preindictment delay.

//

Accordingly, the Court finds that an evidentiary hearing is not required in the instant case. The Court further finds that defendant's motion to dismiss the superseding indictment based upon preindictment delay (doc. # 43) should be **denied**.

### c. Request for Discovery in an Unrelated Case

Defendant contends he should be afforded discovery of the government's investigation in an unrelated social security case "to ensure that there is no due process violation afoot based upon disparate treatment of similarly situated criminal defendants." Doc. # 43 at 14. The government, in response, argues that defendant should not be allowed to access information of another subject in an unrelated social security case, especially since defendant fails to establish any prejudice and his request appears to be nothing more than a fishing expedition. Defendant does not address these assertions in his reply.

This Court agrees with the government, and finds it inappropriate for defendant to access information about an unrelated person in a separate social security case. Moreover, this Court notes that defendant's request raises various issues, such as relevance, confidentiality, privilege, and admissibility, that prevent this Court from granting such a request. As such, this Court finds that defendant's request to be afforded discovery of the government's investigation in an unrelated social security case should be **denied**.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore, **IT IS HEREBY RECOMMENDED** that defendant's motions to dismiss (docs. # 41, 43) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the order of the district court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt

1  <u>v. Simi Valley United Sch. Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983).

2       DATED: October 20, 2014.

4       _____
        **C.W. Hoffman, Jr.**
        **United States Magistrate Judge**