UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>ROBERT RADIN,<br><br>Defendant(s). | Case No. 2:13-CR-118 JCM (CWH)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Hoffman. (Doc. # 61). Defendant Robert Radin (hereinafter "defendant") filed an objection, (doc. # 66), and the government filed a response, (doc. # 71).

**I.    Background**

On April 2, 2013, a grand jury returned an indictment charging defendant with one count of social security fraud in violation of 42 U.S.C. § 408(a)(4). (Doc. # 1). On July 15, 2014, a grand jury returned a superseding indictment adding another count charging defendant with theft of government money in violation of 18 U.S.C. § 641. (Doc. # 32).

Defendant then filed a motion to dismiss the superseding indictment on the grounds of multiplicity and duplicity. (Doc. # 41). The government filed a response, (doc. # 45), and defendant filed a reply, (doc. # 51).

Defendant also filed a motion to dismiss the superseding indictment based on preindictment delay. (Doc. # 43). The government filed a response, (doc. # 46), and defendant filed a reply, (doc. # 58).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1       Magistrate Judge Hoffman considered the parties' filings and recommended that defendant's motions to dismiss be denied. (Doc. # 61). Judge Hoffman found that defendant failed to demonstrate that the superseding indictment was multiplicitous or duplicitous, reasoning that each count required proof of different facts and asserted only a single theory of liability.

      Judge Hoffman also concluded that dismissal for preindictment delay was inappropriate because defendant failed to prove actual prejudice. Accordingly, Judge Hoffman also recommended that defendant's motion to dismiss for preindictment delay be denied. Defendant then filed the instant objection to Judge Hoffman's report and recommendation. (Doc. # 66).

**II.  Legal Standard**

      A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

**III.  Discussion**

    *A.  Multiplicity*

      Defendant moved to dismiss the superseding indictment on the grounds of multiplicity. Magistrate Judge Hoffman considered the parties' arguments and recommended that defendant's motion be denied. Defendant objects on the grounds that the report and recommendation fail to identify which elements of the crimes charged are distinct from one another. (Doc. # 66).

      "An indictment is multiplicitous if it charges a single offense in several counts." *United States v. Rude*, 88 F.3d 1538, 1546 (9th Cir. 1996). To assess whether two statutory provisions penalize the same offense, the court must determine "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (9th Cir. 1932).

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

42 U.S.C. § 408(a)(4) punishes anyone who knows of an event changing a right to payment and "conceals or fails to disclose such event with an intent fraudulently to secure payment either in a greater amount than is due or when no payment is authorized . . . ." 42 U.S.C. § 408(a)(4).

By comparison, 18 U.S.C. § 641 penalizes:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined, or converted . . . .

18 U.S.C. § 641.

The former statutory standard requires proof of fraudulent intent, failure to disclose, and knowledge of an event changing a right to payment of social security benefits. *See* 42 U.S.C. § 408(a)(4). By contrast, under the latter standard, the government must prove that defendant stole, sold, conveyed, or knowingly received stolen United States property with the intent to convert it. *See* 18 U.S.C. § 641.

These offenses meet the *Blockburger* test, as each count requires proof of at least one element that the other does not. As Judge Hoffman noted, numerous Ninth Circuit cases have charged defendants with both of the instant counts without finding multiplicity. *See, e.g.*, *United States v. Bustos*, 428 F. App'x 745 (9th Cir. 2011); *United States v. Schneider*, 429 F.3d 888 (9th Cir. 2005).

Accordingly, the court will adopt Magistrate Judge Hoffman's recommendation not to dismiss the superseding indictment on the grounds of multiplicity.

B. *Duplicity*

Defendant next contends that count two of the superseding indictment is duplicitous because it asserts two separate offenses, namely theft and fraud. (Doc. # 66). Judge Hoffman recommended rejecting defendant's duplicity argument, finding that each count against defendant asserted only one theory of liability.

James C. Mahan
U.S. District Judge

- 3 -

1  "An indictment is duplicitous where a single count joints two or more distinct and separate offenses." *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001) (overruled on other grounds). Duplicity raises the concern that "a jury might find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976).

Having reviewed this issue *de novo*, the court agrees with the magistrate judge's reasoning. Count two charges defendant with social security fraud. The applicable statute penalizes any individual who knows some event has occurred affecting a right to payment of benefits and "conceals or fails to disclose" this information "with an intent fraudulently to secure payment." 42 U.S.C. § 408(a)(4).

The statute does not penalize both theft and fraud. All elements of the charge must be proven before defendant can be convicted of count two. The fact that the statute sets forth alternative means by which one may violate the provision does not make it duplicitous.

For these reasons, the court will adopt Magistrate Judge Hoffman's recommendation to deny the motion to dismiss the superseding indictment on the basis of duplicity.

*C. Preindictment delay*

Defendant also argues that the superseding indictment should be dismissed because the government deliberately delayed prosecution, impairing defendant's ability to defend himself based on his deteriorating mental condition. Defendant asks for an evidentiary hearing on this issue. (Doc. # 66).

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive preindictment delay." *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989). To demonstrate such a due process violation, a defendant must show "actual, non-speculative prejudice from the delay," and that "the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* (citations and quotation marks omitted).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

"The burden of showing actual prejudice is heavy and . . . rarely met." *United States v. Gilbert*, 266 F.3d 1180, 1187 (9th Cir. 2001). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).

The second prong of the test only applies where the defendant has demonstrated that the first prong is met. *United States v. Corona-Verbena*, 509 F.3d 1105, 1112 (9th Cir. 2007). The Ninth Circuit has refused to find that delay outweighs the prosecution's reasons and offends justice without proof that "the delay was caused by the government's culpability . . . solely to gain tactical advantage over the accused." *Sherlock*, 962 F.2d at 1954 (citations and quotation marks omitted).

Judge Hoffman recommended denying defendant's motion to dismiss for preindictment delay, on the grounds that defendant failed to show actual prejudice. Upon *de novo* review, the court finds that denial of the motion to dismiss is appropriate. Defendant has only generally alleged that his mental stage has deteriorated, failing to point to particular information lost that caused actual prejudice.

Defendant argues that because his memory has deteriorated, he is clearly unable to identify the facts lost and particular prejudice caused. However, defendant's counsel should be able to note particular case deficiencies resulting from defendant's worsened condition. Because defendant's motion fails to establish actual prejudice, defendant cannot show a due process violation.

As Judge Hoffman noted, the court need not address the second prong of the due process test where defendant has not shown actual prejudice. Nevertheless, Judge Hoffman analyzed defendant's case under the second prong and found that this prong also was not met. Having reviewed the report and recommendation and the parties' filings, the court will again adopt the magistrate judge's reasoning here.

Any delay in defendant's case did not offend fundamental conceptions of justice. Defendant fails to identify any evidence supporting a contention that the government intentionally delayed proceedings to take advantage of defendant's deteriorating mental state.

James C. Mahan
U.S. District Judge

1  By contrast, the government's response to defendant's motion highlights multiple valid factors that contributed to delay, including the presentation of multiple plea offers to defendant and defendant's changes of counsel.

Based on the foregoing, the court finds that defendant has not met the test for preindictment delay. Accordingly, dismissal on the grounds of preindictment delay is inappropriate, and the court will not hold an evidentiary hearing.

Finally, defendant requests discovery of the government's investigation in an unrelated social security case. Defendant seeks this information to compare his own case and investigate due process violations. The government responds that this request amounts to a fishing expedition. The magistrate judge concluded that this request should be denied, and this court agrees.

The court will adopt Magistrate Judge Hoffman's report and recommendation and deny the motion to dismiss the superseding indictment on the grounds of preindictment delay.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Hoffman, (doc. # 61), be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that defendant's motion to dismiss the superseding indictment on the grounds of multiplicity and duplicity, (doc. # 41), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss the superseding indictment on the grounds of preindictment delay, (doc. # 43), be, and the same hereby is, DENIED.

DATED December 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**